**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Sharod Heyward, individually and on behalf of all others similarly situated;<br><br>          Plaintiff,<br><br><br>-v.-<br><br>Stoneleigh Recovery Associates, LLC,<br>Cascade Capital LLC Series C<br>and John Does 1-25.<br><br>          Defendant(s). | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>C.A. No.: 6:20-cv-03251-DCC |

Plaintiff Sharod Heyward (hereinafter, "Plaintiff"), individually and on behalf of a class of all others similarly situated, brings this Class Action Complaint by and through his attorneys, Norsworthy Law, against Defendant Stoneleigh Recovery Associates, LLC. (hereinafter "Defendant Stoneleigh") and Defendant Cascade Capital LLC Series C (hereinafter "Defendant Cascade") pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of South Carolina, County of Greenville , 4210 Vassar Dr., Greer, SC 29650.

8. Defendant Stoneleigh is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served process upon the Corporation Service Company at 1703 Laurel Street, Columbia, South Carolina 29201.

9. Upon information and belief, Defendant Stoneleigh is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cascade is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1670 Corporate Circle, Suite 202, Petaluma, California 94954.

11. Upon information and belief, Defendant Cascade is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals to whom Defendant Stoneleigh sent an initial collection letter attempting to collect a consumer debt;

    b. on behalf of Defendant Cascade;

    c. that included materially misleading and contradictory language regarding the status of a consumers dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. §§ 1692g;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/ or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims

    arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to April 14, 2018, an obligation was allegedly incurred to Santander Consumer USA Inc.

24. The Santander Consumer USA Inc obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged Santander Consumer USA Inc obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Santander Consumer USA Inc is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant Cascade, a debt collector and the subsequent owner of the Santander Consumer USA Inc debt, contracted the Defendant Stoneleigh to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – September 19, 2019 Collection Letter*

29.     On or about September 19, 2019, Defendant Stoneleigh sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant Cascade. **See Exhibit A.**

30.     The Letter contains a table listing information such as the original creditor, current creditor, etc, and lists a balance of $11,800.65.

31.     The final line of the table is entitled Settlement Offer but no actual offer is listed.

32.     The letter further states:  We have been authorized to accept a one-time payment of $ [*sic*] as settlement in full, until 10/25/2019. This offer is only open for a limited time and will end 10/25/2019. We are not obligated to extend or renew this offer. This offer and the deadline for accepting it do not in any way affect your rights to dispute this debt or request validation of this debt as described above.

33.     Again, the letter describes a settlement offer but contains no actual settlement offer.

34.     The letter is confusing and deceptive by referring to a settlement offer when there is no actual settlement offered in the Letter, in fact, the only amount listed on the Letter is the full balance, yet the Letter advises that the Defendant has been authorized to accept a settlement, within a certain deadline without actually offering an amount that would be accepted as settlement.

35.     This could easily confuse and deceive the consumer as the Letter indicates that the consumer is under a deadline to accept a settlement offer, when no offer is given in the letter.

36. As a result of Defendants deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendants violated §1692e:

    a. By making a false and misleading representation in violation of §1692e(10).

    b. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate

41. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sharod Heyward, individually and on behalf of all others similarly situated, demands judgment from Defendants Stoneleigh Recovery Associates, LLC and Defendant Cascade Capital LLC Series C as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Ken Norsworthy, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 11, 2020               Respectfully Submitted,

                                        Norsworthy Law, LTD. CO.,

                                        /s/ *Kenneth E. Norsworthy, Jr.*
                                        By: Ken Norsworthy
                                        Fed. Bar. No. 12580
                                        218 Trade Street, Suite D
                                        Greer, SC, 29651
                                        Phone: (864) 804-0581
                                        *Attorneys For Plaintiff*